UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DURBY STEVENS STANLEY AYALA

VERSUS

WORK BOAT ELECTRICAL
SERVICES, LLC, ET AL

CIVIL ACTION

NO. 22-1235

SECTION: "J"(1)

### ORDER AND REASONS

Before the Court is a *Motion for Partial Summary Judgment* **(Rec. Doc. 30)** filed by Plaintiff, Durby Stevens Stanley Ayala; a response memorandum (Rec. Doc. 34) filed by Defendant, Work Boat Electrical Services, LLC ("WBES"); a response memorandum (Rec. Doc. 35) filed by Defendant 4Ocean Public Benefit Corporation, formerly known as 4Ocean, LLC ("4Ocean"); and a reply (Rec. Doc. 48) filed by Plaintiff. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

### FACTS AND PROCEDURAL BACKGROUND

This case arises out of an incident that took place on or about July 23, 2019 aboard the OPR VESSEL while the vessel was docked at Superior Shipyard in Golden Meadow, Louisiana. The OPR VESSEL, which is owned and/or operated by Defendant 4Ocean, is a repurposed offshore supply vessel used to clean up plastic and debris from the ocean. 4Ocean contracted with WBES to install a 3-phase 208-Volt circuit from the engine room to a davit arm.

1

Plaintiff, a Jones Act seaman, was employed as a Deckhand by 4Ocean and assigned to work on the OPR VESSEL. On or around July 23, 2019, Plaintiff assisted the vessel's Captain in placing a new small boat onto the OPR VESSEL's new boat cradle on the second deck using a newly installed electric hydraulic boat davit. While the Captain was operating the davit using the controls on the davit electrical box, the electrical box exploded, forcefully propelling fragments of the box, which struck Plaintiff in the head and chest, knocking him to the deck of the vessel.

After the explosion, an ambulance transported Plaintiff to the hospital, where he was diagnosed with facial and scalp contusions. At his follow up visit, he was diagnosed with concussion with loss of consciousness, blurred vision, and tinnitus. Plaintiff alleges that he suffered damage to his head, neck, left shoulder, chest, hands, eyes, ears, and nervous system, requiring treatment and surgery and causing residual physical disability. Since the incident, Plaintiff had two shoulder surgeries, which his treating orthopedic surgeon relates to the July 23, 2019 incident.

4Ocean and WBES personnel inspected the scene and investigated the explosion. The 4Ocean Damage Survey Report stated that the explosion was likely caused by the continuous overcharging of the 12-Volt battery by the 25-Volt power supply, producing oxygen and hydrogen. When the Captain stopped lowering the boat and secured the power, the contactors opened, separating the two contact points, creating a spark, and igniting explosive concentrations of hydrogen gas.

On May 5, 2022, Plaintiff filed this suit against 4Ocean and WBES, seeking damages and maintenance and cure benefits. On May 20, 2022, WBES filed an

answer, pleading affirmative defenses of contributory negligence on the part of Plaintiff. (Rec. Doc. 6). Plaintiff filed the instant motion on November 28, 2023 seeking a ruling that (1) the OPR VESSEL was unseaworthy as a matter of law and (2) that he was not contributorily negligent in causing or contributing to the incident. (Rec. Doc. 30).

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.,* 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l*

3

*Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for trial. *See id.* at 325; *Little*, 37 F.3d at 1075.

## DISCUSSION

Plaintiff argues that there are no specific facts in the record to refute the conclusions that the OPR VESSEL was unseaworthy as a matter of law on July 23, 2019 and that Plaintiff did not cause or contribute to the explosion of the electrical box on the vessel. (Rec. Doc. 30-1, at 6).

### I. Unseaworthiness

Unseaworthiness is a condition of a vessel that presents an unreasonable risk of harm to the seaman. *Park v. Stockstill Boat Rentals, Inc.*, 492 F.3d 600, 604 (5th

4

Cir. 2007). The plaintiff bears the burden of proving unseaworthiness at trial. *See Phillips v. Western Co. of North America*, 953 F.2d 923, 928 (5th Cir. 1992). The vessel owner is not "obligated to furnish an accident-free ship." *Mitchell v. Trawler Racer, Inc.*, 362 U.S. 539, 550 (1960). The duty to provide a seaworthy vessel is absolute and completely independent of the duty under the Jones Act to exercise reasonable care; therefore, a showing of negligence is not required. *See Phillips v. W. Co. of N. Am.*, 953 F.2d 923, 928 (5th Cir.1992).

The elements of an unseaworthiness claim are (1) that the defendant provided a vessel or equipment that was not reasonably fit for its intended purpose and (2) that "the unseaworthy condition played a substantial part in bringing about or actually causing the injury and that the injury was either a direct result or a reasonably probable consequence of the unseaworthiness." *Mitchell*, 362 U.S. at 550. There is no requirement that a plaintiff show negligence, but the "substantial" causation requirement is more stringent than the causation in a Jones Act negligence claim. *Id.* When deciding whether a condition renders a vessel unseaworthy, a court should consider the following questions: "[W]hat is the vessel to do? What are the hazards, the perils, the forces likely to be incurred? Is the vessel or the particular fitting under scrutiny, sufficient to withstand those anticipated forces?" *Walker v. Harris*, 335 F.2d 185, 191 (5th Cir. 1964).

Plaintiff argues that the OPR VESSEL was unseaworthy as a matter of law when the electrical box exploded and caused Plaintiff's injuries, and if WBES is found not to be at fault, then 4Ocean will bear responsibility. (Rec. Doc. 30-1, at 7-8). Either

way, he argues, the vessel was unseaworthy based on undisputed evidence that the electrical box exploded and injured him, and the "why" of the explosion is not material. *Id.* In response, Defendant WBES concedes that summary judgment is appropriate regarding the vessel's unseaworthiness. (Rec. Doc. 34, at 1). Defendant 4Ocean also does not directly respond to Plaintiff's unseaworthiness claim but seems to also concede that the vessel was unseaworthy. (Rec. Doc. 35, at 4) ("UNSEAWORTHY BUT NOT LIABLE"). Instead, 4Ocean argues that, because WBES was negligent, 4Ocean is entitled to indemnity from WBES as manufacturer and installer of the unseaworthy control box. *Id.* at 4-5.[1]

Plaintiff contends that his situation is similar to what occurred in *Johnson v. Donjon Marine Co.*, No. 05-1543, 2006 WL 3240730 (E.D.N.Y. Nov. 8, 2006). In *Johnson*, a vessel's engine exploded while the vessel was underway, and the court concluded that it was not possible to determine the extent of the plaintiff's negligence in reacting to the possible explosion. *Id.* at *5. However, on the issue of seaworthiness, the court granted partial summary judgment in the plaintiff's favor, stating that "If there exists only proof of an inexplicable explosion on a vessel, then under *Van Carpals* the vessel is unseaworthy." *Id.* at *4. The court stated that "the only rational conclusion is that the engine was so unfit for its intended use that it exploded under normal operating conditions." *Id.* The court went on to explain that, for the purposes

---

[1] In its opposition memorandum, 4Ocean also improperly attempts to move for partial summary judgment on the issues of fault and indemnity. (Rec. Doc. 35, at 4-7). The Local Rules require that counsel filing a motion must notice it for submission and provide a separate memorandum. L.R. 7.2, 7.3. 4Ocean failed to follow the established procedure for motion practice in this court, and therefore this Court declines to consider the purported motion addendum included in 4Ocean's response.

of summary judgment, it did "not matter that the parties disagreed on the ultimate cause of the explosion. *Id.* at n.4. Instead, "[u]nder the substantive law of unseaworthiness, proof of why an engine explodes does not determine the outcome of a case so long as it is undisputed that the vessel was not reasonably fit for its intended use." *Id.*

In this case, it is undisputed that a component of the OPR VESSEL exploded on July 23, 2019 and that the explosion caused Plaintiff's injuries. As in *Johnson*, the reason why the explosion occurred and identity of the responsible party are not material to the question of unseaworthiness. There is no genuine issue of fact as to either element of Plaintiff's unseaworthiness claim: (1) Defendants provided a vessel or equipment that was not reasonably fit for its intended purpose, as evidenced by the explosion while being put to normal use and (2) that explosion caused Plaintiff's injuries. Therefore, summary judgment for Plaintiff on the issue of unseaworthiness is appropriate.

## II. Contributory Negligence

Next, Plaintiff argues that no evidence exists allowing WBES to prove its affirmative defense that Plaintiff was contributorily negligent in any way. (Rec Doc. 30-1, at 8). 4Ocean did not raise the affirmative defense of contributory negligence and does not oppose Plaintiff's argument in the instant motion. (Rec. Docs. 7, 35). WBES does not contest Plaintiff's argument as to this issue either and instead only responds to an unrelated question not at issue in the present motion: whether WBES's negligence caused or contributed to the incident. (Rec. Doc. 34).

The Captain of the vessel at the time of the incident, Jeff Everson, testified that Plaintiff was not doing anything wrong at the time of the accident that caused or contributed to the accident or his injuries. (Everson Deposition, Rec. Doc. 30-2, at 18). Moreover, Defendants have pointed to no evidence in the record to show that Plaintiff contributed to the explosion or his injuries. Accordingly, there is no factual dispute about whether Plaintiff was contributorily negligent, and Plaintiff is entitled to summary judgment on this defense.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion for Partial Summary Judgment* **(Rec. Doc. 30)** is **GRANTED.**

New Orleans, Louisiana, this 13th day of December, 2023.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE