UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DURBY STEVENS STANLEY AYALA | * | CIVIL ACTION NO. 22-1235 |
| | * | |
| | * | SECTION: "J"(1) |
| VERSUS | * | |
| | * | JUDGE CARL J. BARBIER |
| WORK BOAT ELECTRICAL | * | |
| SERVICES, L.L.C., ET AL. | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************ | * | |

ORDER AND REASONS

Before the Court is the Motion to Intervene filed by Markel American Insurance Company. (Rec. Doc. 38). For the following reasons, the Motion is DENIED.

Background

This Jones Act claim arises out of an explosion of an electrical box on the M/V OPR resulting in injury to the plaintiff, Durby Stevens Stanley Ayala, who was working as a deckhand for 4Ocean Public Benefit Corporation ("4Ocean"). The electrical control box was for a newly installed electric hydraulic boat davit, both of which were allegedly installed by Work Boat Electrical Services, L.L.C. ("Work Boat Electrical"). The vessel was owned by 4Ocean.

Ayala filed a Complaint for Damages against Work Boat and 4Ocean on May 4, 2022. Trial was originally set to begin on September 11, 2023, and was later reset to begin on January 22, 2024, to allow the parties additional time to conduct neuropsychological evaluations. On December 13, 2023, the undersigned granted 4Ocean leave to file a crossclaim against Work Boat. The parties assured the Court that additional discovery would not be required and the trial date would not be disturbed. Later that same day, the District Court granted partial summary judgment to Ayala, holding that the OPR was unseaworthy as a matter of law and that Ayala did not cause or contribute to the explosion.

1

In late December, the District Court continued the trial due to the unexpected death of Ayala and 4Ocean's liability expert. Trial was reset to April 18, 2024, and a new deadline was set for a substitute expert report. No other deadlines were extended.

Presently before the Court is Markel's Motion to Intervene. Markel was 4Ocean's insurer and paid maintenance to Ayala and cure to Ayala's health care providers. It seeks recovery of these expenses from Work Boat. Work Boat opposes the intervention, arguing that the Motion is untimely and that the late intervention will cause it prejudice.

Law and Analysis

1. *Standard for Intervention of Right*

A right to intervene exists where the intervenor has an unconditional right to intervene by statute or where the intervenor "claims an interest relating to the property or transaction that is the subject matter of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). Courts also require that the motion to intervene is timely. See Texas v. United States, 805 F.3d 653, 657 (5th Cir. 2015). "Although failure to satisfy any one element precludes the applicant's right to intervene," the Fifth Circuit has explained that "[i]ntervention should generally be allowed where 'no one would be hurt and greater justice could be attained.'" Ross v. Marshall, 426 F.3d 745, 753 (5th Cir. 2005). (quoting Sierra Club v. Espy, 18 F.3d 1202, 1205 (5th Cir. 1994).

In analyzing the timeliness prong, the Court considers: (1) "[t]he length of time during which the would-be intervenor actually know [sic] or should have known of his interest in the case before he petitioned for leave to intervene;" (2) "[t]he extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for

intervention as soon as he actually knew or reasonably should have known of his interest in the case;" (3) "[t]he extent of the prejudice that the would-be intervenor may suffer if his petition for leave to intervene is denied;" and (4) "[t]he existence of unusual circumstances militating either for or against a determination that the application is timely." Stallworth v. Monsanto Co.,558 F.2d 257, 264-66 (5th Cir. 1977). "The analysis is contextual; absolute measures of timeliness should be ignored. The requirement of timeliness is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner." Sierra Club v. Espy, 18 F.3d 1202, 1205 (5th Cir. 1994) (internal citation omitted).

2. *Analysis*

The parties here appear to agree that Markel has an interest related to this action. But intervention cannot be allowed unless it is timely.

First, the Court finds that the motion is objectively late. The pleading amendment deadline ran on July 18, 2023. The original trial date was September 11, 2023. Markel has been involved in this dispute since before suit was filed in May 2022 because it has been paying maintenance and cure since August 2019. Yet it only sought to intervene in December 2023, one month before the scheduled trial in January 2024. Markel has offered no explanation for why it waited until December 2023 to assert its claim against Work Boat.

Second, the Court finds that the late intervention would be prejudicial to Work Boat. The joinder of its claim is not straightforward. Work Boat says it will challenge the amounts paid and that it will need to conduct discovery as to the "reasonableness" of Markel's payments and when Ayala reached maximum medical improvement. There is a substantial amount at issue. The amount claimed by Markel grew from $217,000 to $228,000 between the filing of its motion and the filing of its reply memorandum a month later. Discovery has closed, and although the District Court has

3

reset the trial, the Court has not reopened discovery. Even if discovery was reopened, there is insufficient time before trial to work up a medical reasonableness case. This may even involve new witnesses including doctors and medical expense experts. The parties already have work to do to prepare for the current trial date: obtaining a new liability expert, engaging in settlement discussions, and preparing for trial on the existing case. Joining Markel's claim will cause Work Boat prejudice.

In contrast, the Court finds no prejudice to Markel. It will be able to bring its claim against Work Boat in a separate lawsuit. This will allow the merits of its claim to be resolved on a more reasonable timetable than having to be shoehorned into the existing schedule of this case or requiring the parties in this case to endure further delay so that Markel can join in now.

Considering all these factors, the Court finds that Markel's Motion to Intervene is not timely and must be denied.

## Conclusion

For the foregoing reasons, Markel's Motion to Intervene (Rec. Doc. 38) is DENIED.

New Orleans, Louisiana, this 12th day of January, 2024.

                              Janis van Meerveld
                          United States Magistrate Judge